# STATE OF MICHIGAN

# COURT OF APPEALS

DAMONA TAYLOR,

      Plaintiff-Appellant,

v

DWAYNE LALONDE,

      Defendant-Appellee,

and

FARMERS INSURANCE EXCHANGE,

      Defendant.

UNPUBLISHED
May 15, 2018

No. 337001
Wayne Circuit Court
LC No. 13-001487-NI

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the December 16, 2016 order denying plaintiff's motion for reinstatement of her automobile negligence case against defendant, Dwayne Lalonde, which was previously dismissed without prejudice under MCR 2.502(A)(1) for a lack of progress in presenting a final order or judgment to the trial court or otherwise contacting the trial court to inform the court that its records were incorrect regarding the need for a final order or judgment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On February 28, 2012, plaintiff was involved in a car accident. Plaintiff was a passenger in a vehicle traveling westbound on Outer Drive near Plymouth Road in Detroit, Michigan. The front of plaintiff's vehicle was struck by defendant's vehicle, which was traveling northbound on Plymouth Road, after defendant allegedly ran a red light. Plaintiff was subsequently taken to Oakwood Hospital and Medical Center.

On January 25, 2013, plaintiff filed a two-count complaint alleging defendant negligently operated his automobile, which resulted in an accident that caused plaintiff to sustain a serious impairment of bodily function, and alleging plaintiff was entitled to first-party no-fault benefits from defendant, Farmers Insurance Exchange ("Farmers"). Plaintiff had difficulty serving defendant, and defendant did not file an answer to plaintiff's complaint until shortly before

-1-

plaintiff's case was administratively dismissed. Meanwhile, plaintiff's first-party suit against Farmers for no-fault benefits ensued and was eventually settled. A stipulated order of dismissal with prejudice regarding plaintiff's no-fault benefits claim against Farmers was entered on March 28, 2014. The stipulated order of dismissal included a statement indicating that the stipulated order of dismissal was not a final order and it did not "resolve the last pending claim before this Court."

On May 29, 2014, the trial court sent plaintiff a notice of intent to dismiss plaintiff's action without prejudice. The notice indicated that the plaintiff's case was "awaiting the entry of the final order or judgment." The bottom of the notice indicated that the notice form was based on MCR 2.502(1)(A). The notice then provided, in pertinent part:

> 1. If the order or judgment has been entered, or if this notice is in error, please notify the clerk of the assigned judge so that the court's record may be corrected.

> 2. If a final order or judgment has not been entered by the cutoff date noted above [, June 26, 2014,] or the court otherwise contacted, an order of dismissal without prejudice will be entered by the court and sent to the parties/attorneys at the addresses of record.

After defendant filed its answer on June 19, 2014, plaintiff and defendant began to engage in discovery. However, on July 8, 2014, the trial court entered an administrative dismissal closing the case for lack of progress in presenting a final order or judgment. More specifically, the administrative dismissal stated, "[t]his case coming regularly before the court and no order or judgment having been presented within the ten (10) day period following adjudication by the court and proper notice of impending dismissal has been mailed, it is ordered that the above entitled cause is hereby dismissed." Similarly to the notice, the bottom of the dismissal indicated that the administrative dismissal form used by the trial court was based on MCR 2.502(A)(1).

Despite the administrative closure, plaintiff and defendant continued to engage in discovery for a couple of months. However, in late August 2014, by plaintiff's own admission, all activity ceased on this action until over two years later when plaintiff filed a motion for reinstatement on October 28, 2016. The trial court denied reinstatement because "[g]ood cause [was] not presented and [p]laintiff could have brought this to my attention much earlier." Plaintiff moved for reconsideration, which was denied because the court found that there was "[n]o palpable error."

## II. ANALYSIS

On appeal, plaintiff argues that the trial court improperly dismissed her case without prejudice for a lack of progress regarding the presentation of a final order or judgment because there was no basis to show that plaintiff violated the terms of the notice of intent to dismiss.

An issue is properly preserved for appellate review if it was raised before the trial court, and the raised issue was subsequently addressed and decided by the trial court. *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Plaintiff did not

-2-

raise this issue below. Consequently, it is unpreserved. A litigant's unpreserved claims are reviewed for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000).

With regard to unpreserved issues in civil cases, this Court may exercise its discretion to overlook the preservation requirements and reach an otherwise unpreserved issue "if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented[.]" *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). In order to fully adjudicate plaintiff's claims on appeal, we consider the issue.

MCR 2.502, provides, in pertinent part:

**(A) Notice of Proposed Dismissal.**

(1) On motion of a party or on its own initiative, the court may order that an action in which no steps or proceedings appear to have been taken within 91 days be dismissed for lack of progress unless the parties show that progress is being made or that the lack of progress is not attributable to the party seeking affirmative relief.

\* \* \*

(3) The notice shall be given in the manner provided in MCR 2.501(C) for notice of trial.

**(B) Action by Court.**

(1) If a party does not make the required showing, the court may direct the clerk to dismiss the action for lack of progress. Such a dismissal is without prejudice unless the court specifies otherwise.

Here, plaintiff argues that the trial court erred in dismissing her case for a lack of progress because plaintiff did not violate the terms of the notice of intent to dismiss. Specifically, plaintiff argues that because the order dismissing Farmers was already entered and appeared in the court's own internal docket sheet, there was no need to contact the court to assist in correcting its records because the records as they existed were correct. The fundamental problem with plaintiff's argument is that it ignores the full language of the notice. The notice begins by stating in a header that "the above action, [Case No. 13-001487-NI,] is awaiting the entry of the final order or judgment." The notice then states, in the first paragraph, "[i]f the order or judgment has been entered, *or if this notice is in error*, please notify the clerk of the assigned judge *so that the court's record may be corrected*." (Emphasis added.) The notice continues, in the second paragraph, "[i]f a final judgment or order has not been entered by [June 26, 2014] *or the court otherwise contacted*," the case will be dismissed without prejudice. (Emphasis added.) Hence, plaintiff overlooks the disjunctive word "or" in making her argument. The trial court's "use of the disjunctive word 'or' indicates an 'alternative or choice between two things.' " *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 209; 895 NW2d 490

(2017) (citation omitted). Thus, the notice clearly indicated that there was a need to contact the court, even if the correct order was already entered, because if that was the case, then the notice was "in error[.]" Consequently, the court should be contacted, "so that the court's record" about the apparent need for a final order or judgment, "may be corrected." Plaintiff did not do so. By extension, the second paragraph was triggered because there is no evidence on the record that the court had been "otherwise contacted" by the cutoff date to correct its record that a final order or judgment had already been entered and that the notice was in error.

Further, plaintiff's argument also overlooks the fact that the stipulated order of dismissal was not a "final order" under MCR 2.604(A), which provides, in pertinent part:

> an order or other form of decision adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties, and the order is subject to revision before entry of final judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, even if this Court were to presume that the trial court's record was incorrect about the need for a final order, by the terms of the notice, plaintiff should have contacted the trial court to inform it that the notice was sent in error because there was no need for a final order. Admittedly, plaintiff did not do so. Hence, we conclude that there was a basis to dismiss the case without prejudice under the notice because plaintiff did not comply with its terms. Thus, plaintiff's argument fails to persuade that the administrative dismissal of plaintiff's case was improper.

Next, plaintiff argues on appeal that the trial court abused its discretion in refusing to reinstate plaintiff's case. A trial court's decision regarding a motion to reinstate an action dismissed for a lack of progress is reviewed for an abuse of discretion. *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 138; 624 NW2d 197 (2000). An abuse of discretion occurs when the decision results in an outcome falling outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 338; 719 NW2d 809 (2006).

MCR 2.502(C) provides:

> **(C) Reinstatement of Dismissed Action**. On motion for good cause, the court may reinstate an action dismissed for lack of progress on terms the court deems just. On reinstating an action, the court shall enter orders to facilitate the prompt and just disposition of the action.

Plaintiff asserts that under the five factors set forth in *Wicking's*, 244 Mich App at 142, the trial court abused its discretion by rejecting her motion for reinstatement.

*Wickings* provides, in relevant part:

> one or more of the following factors may be relevant to determining good cause to reinstate an action one or more of the following factors may be relevant to determining good cause to reinstate an action: (1) procedural or technical error in dismissing the case for lack of progress, (2) the movant's actual diligence before

-4-

dismissal, (3) justification for the movant's failure to make progress before dismissal, (4) the movant's diligence in attempting to settle the case or a prompt motion to reinstate it following dismissal, and (5) potential prejudice to the nonmovant if the action is reinstated. [*Wickings*, 244 Mich App at 142.]

This Court in *Wickings* also acknowledged that these factors were not exhaustive and recognized that a particular factor may not be relevant in a given case. *Id*. We do agree with plaintiff that the *Wickings* factors provide a useful framework to analyze plaintiff's claim. First, as discussed above, plaintiff's specific allegation of procedural error lacks merit given that plaintiff failed to follow the terms of the notice, which weighs against reinstatement. Second, while plaintiff was diligent in pursuing her case against Farmers, and appeared, at the outset, to be diligent in pursuing her case against defendant, plaintiff *was not* diligent in responding to the trial court's notice, which also weights against reinstatement. Third, at no point during the litigation below or on appeal has plaintiff offered an adequate explanation as to why, during a two year span, she never contacted the trial court regarding the notice being in error. Consequently, this factor weighs against reinstatement. Fourth, there is no explanation as to why the parties continued to engage in discovery for a couple of months after the administrative dismissal, yet plaintiff failed to move to reinstate the case during that period. Further, there is no explanation as to why discovery abruptly stopped and why plaintiff failed move to reinstate her case in light of the abrupt stoppage of discovery, which suggests plaintiff was not diligently pursuing her case as she alleges. Critically, there is no explanation as to why it took over two years to bring the matter back to the trial court's attention. Given that the first four factors strongly suggest that reinstatement was inappropriate for reasons wholly related to plaintiff's conduct, and given that the fifth factor would only mildly support reinstatement if there were no prejudice to defendant at all, it is not necessary to fully consider the fifth factor because it cannot overcome the combined force of the other four factors. In sum, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion for reinstatement.

Affirmed. No costs are accessed. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen

-5-